IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF KANSAS

| | |
|---|---|
| EDWARD TABARES<br>2502 LA GUNA COURT<br>EMPORIA, KANSAS 66801<br><br>    Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br>A Railroad Corporation,<br><br>    Defendant. | Case No.: 10-CV-2118 CM/JPO<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Edward Tabares, Plaintiff, for his causes of action against Defendant BNSF Railway Company, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. § 58 and Title 28 U.S.C. § 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq. (FELA).

3. Plaintiff resides at 2502 La Guna Court, Emporia, Lyon County, Kansas 66801.

4. Defendant BNSF Railway Company is and was at all times relevant a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

5. Defendant operates trains in the transportation of freight in and between the States of Kansas and Missouri and other states, and, at all relevant times mentioned, is and was engaged in business in Kansas City, Wyandotte County, Kansas. Defendant's registered agent for service of process is: The Corporation Company, Inc., 515 S. Kansas Avenue, Topeka, KS 66603.

## COUNT I (CUMULATIVE TRAUMA DISORDER)
## FEDERAL EMPLOYERS' LIABILITY ACT NEGLIGENCE

6. From approximately 1977 until June 2008, Plaintiff was employed by and working for Defendant as a Section Foreman. Parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and from approximately 1977 until June 2008, Plaintiff was employed by and engaged with Defendant in interstate commerce.

7. From approximately 1977 until June 2008, while Plaintiff was engaged in interstate commerce with and working for Defendant as a section foreman at various locations, it became and was his duty to lift, carry and move heavy equipment. Plaintiff's duties also required him to work on section vehicles without the help of lifting capabilities (cranes). As a direct result of Defendant requiring Plaintiff to perform the aforesaid work duties for continuous and prolonged periods of time, Plaintiff sustained severe, permanent, painful and disabling injuries hereinafter described.

8. At all times material hereto, Defendant was under a duty to furnish and provide Plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

9. Plaintiff's injuries and damages were directly caused, in whole or in part, by the negligent acts or omissions of Defendant in one or more of the following respects, to-wit:

    a. it required Plaintiff to perform excessively heavy, manual duties and negligently failed to provide a sufficient work force or equipment (cranes) for the assigned tasks;

    b. it required Plaintiff to operate heavy equipment for excessive periods of time;

    c. it required Plaintiff to work on section vehicles without sufficient equipment for long periods of time.

    d. it failed to provide Plaintiff with a safe place to perform his work duties;

    e. it failed to provide Plaintiff with safe conditions to work;

10. Each of Defendant's above-described acts or omissions constitutes negligence.

11. By reason of the foregoing acts or omissions, Defendant knew, or in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

12. As a direct result of the foregoing negligent acts or omissions of Defendant, Plaintiff suffered trauma and injuries to his left shoulder, with straining and tearing of the left shoulder. These injuries have required Plaintiff to undergo extensive medical treatment, including surgery to his left shoulder, and these injuries will in the future require Plaintiff to undergo medical treatment. Because of these injuries, Plaintiff's shoulder, arms and hands, and Plaintiff's general health and strength have been permanently weakened, diminished and impaired. Plaintiff has suffered and will ever suffer severe physical pain and mental anguish. Prior to these injuries, Plaintiff was capable of earning and actually earning a substantial wage.

13. On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past and future lost fringe benefits; e) past and future ability to perform normal household services; f) inability to enjoy the normal pursuits of life.

WHEREFORE, Plaintiff prays judgment against the defendant in an amount exceeding $75,000, pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court in this Count I of plaintiff's Complaint.

### COUNT II (INJURY OF ON OR ABOUT FEBRUARY 1, 2008) FEDERAL EMPLOYERS' LIABILITY ACT NEGLIGENCE

14. Plaintiff hereby incorporates paragraphs 1 through 13 the same as if the were fully set forth herein.

15. In February 2008, and a long time prior thereto, Plaintiff was employed by and working for Defendant as a section foreman. Parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on or about February 1, 2008, Plaintiff was employed by and engaged with the Defendant in interstate commerce.

16. On or about February 1, 2008, while plaintiff was engaged in interstate commerce with and working for defendant as a section foreman at Ridgeton, Kansas, it became and was his duty to handle large heavy equipment and section vehicles. As Plaintiff was so engaged in the course and scope of his employment with Defendant, while working on the aforementioned section vehicle, railroad sling palates broke unable to balance the bars. As a direct result thereof, plaintiff sustained permanent, painful, disabling injuries hereinafter described.

17. At all times material hereto, Defendant was under a duty to furnish and provide Plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

18. Plaintiff's injuries and damages were directly caused, in whole or in part, by the negligent acts or omissions of Defendant in one or more of the following respects, to-wit:

      a.    it required Plaintiff to perform excessively heavy, manual duties and negligently failed to provide a sufficient work force or equipment (cranes) for the assigned tasks;

      b.    it required Plaintiff to operate heavy equipment for excessive periods of time;

      c.    it required Plaintiff to work on section vehicles without sufficient equipment for long periods of time;

      d.    it failed to provide Plaintiff with a safe place to perform his work duties;

      e.    it failed to provide Plaintiff with safe conditions to work;

19.    Each of Defendant's above-described acts or omissions constitutes negligence.

20.    By reason of the foregoing acts or omissions, Defendant knew, or in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

21.    As a direct result of the foregoing negligent acts or omissions of Defendant, Plaintiff suffered trauma and injuries to his left shoulder, with straining and tearing of the left shoulder. These injuries have required Plaintiff to undergo extensive medical treatment, including surgery to his left shoulder, and these injuries will in the future require Plaintiff to undergo medical treatment. Because of these injuries, Plaintiff's shoulder, arms and hands, and Plaintiff's general health and strength have been permanently weakened, diminished and impaired. Plaintiff has suffered and will ever suffer severe physical pain and mental

anguish. Prior to these injuries, Plaintiff was capable of earning and actually earning a substantial wage.

22. On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past and future lost fringe benefits; e) past and future ability to perform normal household services; f) inability to enjoy the normal pursuits of life.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount exceeding $75,000, pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint, for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court in this Count II of his Complaint.

## **JURY TRIAL DEMAND**

Pursuant to Fed.R.Civ.P. 38, the Plaintiff Edward Tabares demands a trial by jury.

## **DESIGNATION OF PLACE OF TRIAL**

Pursuant to U. S. District Court, District of Kansas Local Rule 40.2, Plaintiff Edward Tabares designates Kansas City, Kansas as the place for trial.

Respectfully submitted

 s/ Kenneth E. Barnes
Kenneth E. Barnes, KS Bar No. 19381
T. K. Smith,    U.S. District  No. 78002
Jason D. Kander U.S. District No. 78186
1100 Main Street, Suite 2300
Kansas City, MO 64105-5187
Telephone:   816.221.4321
Fax:             816.471.4321
Email:          kbarnes@law4321.com
Email:          tksmith@law4321.com
Email:          jkander@law4321.com

Attorneys for Plaintiff Edward Tabares